UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JULES HAMPTON | ) CIVIL ACTION NO.: |
| | ) |
| VERSUS | ) SECTION: |
| | ) |
| ST. JAMES STEVEDORING PARTNERS, L.L.C. | ) MAGISTRATE: |
| | ) |
| | ) SUPPLEMENTAL RULE 9(h) |

## SEAMAN'S COMPLAINT FOR DAMAGES

The complaint of Jules Hampton, a person of the full age of majority and resident of St. James Parish, State of Louisiana (hereinafter sometimes referred to as "Plaintiff"), who respectfully represents as follows:

1.

Made defendant herein is:

(A)   **ST. JAMES STEVEDORING PARTNERS, L.L.C.**, (hereinafter referred to as "St. James"), a domestic corporation licensed to do and doing business in the State of Louisiana.

2.

The jurisdiction of this Honorable Court is based upon the provisions of 28 U.S.C. 1333(1), and is being brought pursuant to the provisions of 46 U.S.C. §30104, *et seq.* (the "Jones Act") and the provisions of the general maritime law. Plaintiff designates this matter as a Maritime Claim under Rule 9(h) of the Federal Rules of Civil Procedure.

1

3.

The defendant, St. James, is justly and truly indebted unto your plaintiff, Jules Hampton, for the following reasons, to-wit:

4.

At all material times, plaintiff Jules Hampton was employed by St. James as a Jones Act seaman and performed duties which contributed to the function of the vessel and accomplishment of his vessel(s) mission. Plaintiff's status as a Jones Act seaman is uncontested.

5.

Plaintiff was assigned by defendant, St. James, to work aboard the rig GENE, a vessel that was owned and/or operated and/or chartered and/or controlled by St. James at all material times herein. Plaintiff was also assigned to other rigs under the common ownership of St. James and operated and/or chartered and/or controlled by St. James at all material times herein.

6.

On or about, April 27, 2011, while performing his duties as heavy machine operator for his vessel, GENE, which was being navigated in navigable waters off the shore of Burnside, Louisiana, plaintiff was in the hold of an adjacent barge and climbing up a 16-foot ladder. When the plaintiff was near the top of the ladder, the ladder started to move from the top of the hold, causing the plaintiff to fall head-first to the barge floor. As a result, plaintiff injured his head, face, back, left shoulder, left knee, right wrist, left wrist and other severe and painful personal injuries.

7.

Plaintiff shows that at all times pertinent he was where he was ordered to be and performing the duties and functions he was instructed and obliged to perform pursuant to directives of defendant, St. James.

8.

The accident was caused by no fault of plaintiff and was caused by the negligence of the defendant as more fully set forth herein.

9.

As a result of the above described incident, plaintiff, Jules Hampton, suffered severe and painful personal injuries, more particularly injuries to the head, face, back, left shoulder, left knee, right wrist, left wrist and other injuries which will be shown upon trial of this matter.

10.

At all times material hereto, the rig GENE and the adjacent barge were owned, navigated in navigable waters, manned, possessed, managed, controlled, chartered and/or operated by defendant, St. James. At the time of the incident, the vessels were in an unseaworthy condition, including, but not limited to, having an unfit crew and unfit equipment, which caused and/or contributed to the incident and subsequent injuries sustained by plaintiff.

11.

These casualties occurred as a result of the negligence of the defendant, St. James. These acts of negligence render the defendant liable to the plaintiff pursuant to the general maritime law for negligence.

12.

Plaintiff's incident was caused by defendant's violation of numerous statutes and regulations, including, but not limited to, statutes and regulations issued by the Minerals Management Service, OSHA and the United States Coast Guard.

13.

Plaintiff demands that defendant, St. James, provide him with maintenance and cure benefits until such time as he reaches "maximum medical cure," as determined by plaintiff's

treating physician. Plaintiff demands that maintenance be instituted in the amount of $45.00 per day from the date of his injury.

14.

St. James' refusal to provide plaintiff with maintenance and cure is willful, wanton, arbitrary and capricious. Plaintiff has been required to file this lawsuit in an attempt to procure maintenance and cure benefits. Consequently, plaintiff is entitled to recover attorney's fees, litigation costs and court costs with respect to this arbitrary and capricious refusal to provide maintenance and cure. Additionally, plaintiff is entitled to recover enhanced compensatory damages and punitive damages with respect to this arbitrary and capricious refusal to provide maintenance and cure.

15.

The above-described incident was caused by the negligence of defendant, St. James, through its agents, servants and employees, which are more particularly described as follows:

NEGLIGENCE OF ST. JAMES STEVEDORING PARTNERS, L.L.C.

a. Failing to properly train and/or supervise the rig GENE crew and other employees;

b. Failing to maintain the vessels under its control in a manner to prevent damage;

c. Failure of crew personnel to perform their job of securing the ladder on the barge;

d. Failure to employ equipment to prevent this accident;

e. Failing to furnish proper equipment to perform the job safely;

f. Failing to exercise due care and caution;

g. Failing to avoid this accident; and

h. Other acts of negligence which will be shown more fully at trial.

4

16.

In the further alternative, plaintiff, Jules Hampton, reiterating and realleging each and every allegation set forth above, as though set forth herein in extenso, avers the applicability of the doctrine of *Res Ipsa Loquitur*.

17.

As a result of the above-described negligence and unseaworthiness of the vessels, plaintiff, Jules Hampton, sustained the following damages:

a. Past, present and future physical pain and suffering;

b. Past, present and future mental pain, suffering and anguish;

c. Past, present and future medical expenses;

d. Past lost wages;

e. Past lost found;

f. Loss of future earning capacity;

g. Loss of future found;

h. Loss of fringe benefits;

i. Disfigurement and disability;

j. Loss of enjoyment of life;

k. Punitive damages; and,

l. Other damages which shall be proven at trial.

18.

Plaintiff is entitled to prejudgment interest on his damages from the date of loss. As to any damages which the court determines are not properly subject to an award of prejudgment interest, plaintiff demands interest from the date of judicial demand.

19.

Plaintiff is entitled to recover all costs of these proceedings, including filing fees, expert witness fees, attorney's fees and other court costs and litigation costs.

**WHEREFORE**, plaintiff, Jules Hampton, prays that the defendant, ST. JAMES STEVEDORING PARTNERS, L.L.C., be duly cited and served with a copy of the Complaint and that after due proceedings are had there be judgment rendered herein in favor of plaintiff and against the defendant, ST. JAMES STEVEDORING PARTNERS, L.L.C., in an amount sufficient to adequately compensate your plaintiff for his damages together with legal interest thereon from date of judicial demand until paid, for all costs of this suit and for all general and equitable relief.

Respectfully submitted,

**MARTZELL & BICKFORD, APC**

/s/ Neil F. Nazareth
Neil F. Nazareth (28969)
Scott R. Bickford (1165) T.A.
Lawrence J. Centola (27402)
338 Lafayette Street
New Orleans, Louisiana 70130
T: (504) 581-9065
F: (504) 581-7638
E: usdcedla@mbfirm.com

AND

W. Jared Vincent (27695)
William S. Vincent, Jr. (13094)
V. Jacob Garbin (27808)
**Law Offices of William S. Vincent, Jr.**
2018 Prytania Street
New Orleans, Louisiana 70130
T: (504) 522-3220
F: (504) 568-1408
E: jared@wsvjr.com